IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LES ECKERT, | : | 1:14-cv-2172 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| MAX E. STONER, *individually as Plan Administrator*, and GLACE ASSOCIATES, INC., | : | |
| Defendants. | : | |

## MEMORANDUM

### September 22, 2015

Pending before the Court is Plaintiff Les Eckert's Motion for Default Judgment (Doc. 8), filed on January 14, 2015.[1] By Order dated January 20, 2015, we required the Defendant to provide the Court with Plaintiff's statements of accounts for January 1, 2012 through December 31, 2012, and January 1, 2013 through December 31, 2013. (Doc. 9). After being granted several extensions of time to do so (Docs. 11, 13, 16), Defendant, acting *pro se*, mailed the Court the aforementioned statements of account, which we directed the Clerk to file on the docket. On August 13, 2015. (Doc. 17). On that same day we issued an Order requiring Plaintiff to file a further submission in support of his Motion for Default

---

[1] The Clerk entered default on January 14, 2015. (Doc. 7).

Judgment. (Doc. 18). After being given an extension of time to do so, on September 3, 2015, Plaintiff filed a Motion for Attorneys Fees and Costs (Doc. 21) along with a brief in support of both motions. (Doc. 22). The time for the filing of an opposition has lapsed without any action by the Defendant, thus we deem this matter ripe for review.[2]

## I. LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 55(b)(2), when the amount of a plaintiff's claim is not for a sum certain or a sum that can be made certain by computation, the Court, not the clerk, must enter default judgment. Pursuant to Fed. R. Civ. P. 54(c), "a default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(d) permits a party to seek attorneys fees and related nontaxable expenses by motion.

## II. DISCUSSION

### A. Damages

Plaintiff filed this matter alleging violations of the Employee Retirement Income Security Act (ERISA), arising out of the Employee Stock Ownership Plan (ESOP) of Defendant Glace Associates, Inc. (Doc. 1). Plaintiff began

---

[2] It is well to note that the Defendants have failed to answer the Complaint in this matter, nor has counsel ever entered an appearance on behalf of the Defendants.

employment with Glace Associates in 1988 and was a participant in Glace Associates' ESOP. (Doc. 1, ¶¶ 9, 11). The ESOP is an employee welfare plan, as defined by ERISA. (Doc. 1, ¶12). According to the terms of the ESOP, Glace may contribute amounts as may be determined but has no obligation to contribute under the ESOP. (Doc. 1, ¶13).

On December 28, 2012, Plaintiff became eligible for 50% diversification of the value of his stock. On that date, Glace Associates issued a check to Plaintiff in the amount of $34,120.49, which was represented by Glace to be 50% of the current value of stock (disbursement). (Doc. 1, ¶ 14). According to Plaintiff's Statement of Account for the period of January 1, 2011 through December 31, 2011, the total vested amount of his ESOP was $82,501.73. (Doc. 1, ¶15). On March 15, 2013, Plaintiff was terminated from Glace Associates due to lack of work. (Doc. 1, ¶ 16). At the time of his termination, Plaintiff was 100% vested in his account, pursuant to sections 5.07 and 6.01(a) of the ESOP. (Doc. 1, ¶ 17).

Pursuant to Sections 1.41 and 1.42 of the ESOP, Eckert was eligible for retirement as of March 1, 2009, and reached his retirement age on February 6, 2009 (age 65). (Doc. 1, ¶ 18). Section 6.01(b) of the ESOP provides that a participant is 100% vested and non-forfeitable upon attainment of his Retirement Age. (Doc. 1, ¶ 19). Section 6.06 of the ESOP provides that upon termination,

Plaintiff was to be notified via certified mail as to the amount and form of his vested equity, and available distribution option, but Plaintiff alleges that he never received this notice, nor did he receive any Statement of Account for any period after December 31, 2011. (Doc. 1, ¶¶ 20-22).

Plaintiff alleges that his distribution of the remainder of his ESOP account should have been paid by Glace Associates on or before March 1, 2014, pursuant to Section 8.05(c) of the ESOP. (Doc. 1, ¶ 23). On April 28, 2014, Plaintiff contacted Plan Administrator, Max Stoner, to request Statements of Account for the following periods: January 1, 2012 through December 31, 2012; and January 1, 2013 through December 31, 2012, to obtain the balance of his ESOP, and to request distribution. (Doc. 1, ¶ 24). Stoner advised Plaintiff that the information would be made available to him on or about June 30, 2013 (Doc. 1, ¶ 25), but the information was never provided. (Doc 1, ¶ 26). Defendants did not provide Plaintiff with the balance of the ESOP and failed to distribute Plaintiff's 100% vested account, in violation of ERISA. (Doc. 1, ¶¶ 27-28). As noted above, Defendants have not answered or otherwise pled against the Plaintiff's Complaint.

As highlighted by Plaintiff in his supporting brief (Doc. 22, p. 3), based upon the Statements of Accounts as provided by Defendants, the remaining

balance of Plaintiff's ESOP account is $25,246.03. (Doc. 17). Plaintiff shall be awarded that amount.

**B.     Prejudgment Interest**

In cases involving the denial of ERISA benefits, prejudgment interest is "presumptively appropriate" absent "exceptional or unusual circumstances . . . making the award of interest inequitable." *Fotta v. Trustees of United Mine Workers of Am. Health & Ret. Fund of 1974*, 165 F. 3d 209, 214 (3d Cir. 1998); *See also Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 f. 3d 124, 131 (3d Cir. 2000). The awarding court must consider whether interest is necessary to redress the plaintiff's injury or whether awarding it would result in unjust enrichment. *See Music v. Prudential Ins. Co. of Am.*, 2007 U.S. Dist. LEXIS 77771 (M.D. Pa. 2007)(Conner, J.)(citing *Fotta*, 165 F. 3d at 213)("[T]he awarding of interest where benefits have been unjustifiably delayed not only ensures full compensation, but also serves to prevent unjust enrichment."). At the time of the filing of this action in November of 2014, Plaintiff was 19-months post-termination, and had not been provided with a balance of the ESOP by Defendants. In fact, the balance was not provided to Plaintiff until ordered by this Court, and was finally provided in July of this year, an additional 8 months later.

Thus, an award of prejudgment interest is entirely appropriate.

ERISA, however, contains no formula for calculating prejudgment interest. This Court and our sister courts in the Eastern District of Pennsylvania have determined that the "most analogous federal statute," for determining prejudgment interest under ERISA is 28 U.S.C. § 1961, the statute that generally authorizes postjudgment interest awards. *See Music*, 2007 U.S. Dist. LEXIS 77771, *4; *see also Tomasko v. Weinstock*, 2006 U.S. Dist LEXIS 62908 (M.D. Pa. 2006); *Russo v. Abington Memorial Hospital Healthcare Plan*, 257 F. Supp. 2d 784 (E.D. Pa. 2003). Under Section 1961(a), "interest shall be calculated . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors at the Federal Reserve System, for the calendar week preceding [] the date of judgment." Prejudgment interest in this case will be granted in accordance with the rate prescribed by this statute.

We will instruct Plaintiff to file a supplemental brief documenting the period for which interest is payable, the applicable interest rate, and the total amount of interest sought. The brief should include supporting documentation substantiating the period and the rate being used to calculate interest. Upon receipt of this documentation, and the opportunity for Defendants to respond, the

Court will modify the entry of the judgment to reflect a specific award of prejudgment interest. *See Music*, 2007 U.S. Dist. LEXIS 77771, *5.

### C. Penalty under 29 U.S.C. § 1132

In addition to the above-mentioned damages, Plaintiff articulates an argument seeking a penalty, authorized under ERISA, for the Defendants' violation of Section 1025 of ERISA, relating to the Defendants' failure to provide Plaintiff with statements of accounts.

Pursuant to Section 1132(c)(1) of ERISA, the Court may award damages against an Administrator who fails to meet the requirements of Section 1025 of ERISA. 29 U.S.C. § 1025(a)(1)(A) provides that: "The administrator of an individual account plan shall furnish a pension benefit statement - . . . (ii) at least once each calendar year to a participant or beneficiary who has his or her own account under the plan but does not have the right to direct the investment of the assets in the account, . . ." Here, Plaintiff alleges that Stoner, the Plan Administrator, failed to provide him with Statements of Account.

29 U.S.C. § 1132(c)(1)(B) provides that if an administrator fails to comply with Section 1025, then a court may award damages in the amount of up to $100 per day from the date of the failure to provide the accounts, and the court may order any such other relief it deems proper, in the exercise of its discretion.

As noted above, Fed. R. Civ. P. 54(c) only permits a Court to enter a default judgment that does "not differ in kind from, or exceed in amount, what is demanded in the pleadings." To be sure, the Complaint expressly seeks prejudgment interest in the Wherefore clause of the pleading, but it does not seek a remedy or penalty for violations of 29 U.S.C. § 1025. In fact, the Complaint does not reference 29 U.S.C. § 1025 whatsoever. Accordingly, we are constrained not to award any penalty under 29 U.S.C. § 1132.

### D. Attorneys' Fees and Costs

Plaintiff seeks attorneys' fees and costs in the amount of $7,470.45, representing $7,025.00 in fees and the balance in costs. As set forth by Plaintiff, the fees represent 34.5 hours of work at the rate of $200 per hour, plus a $125 case consultation fee. Plaintiff attaches counsel's time sheets as an exhibit to his motion. (Doc. 21, Ex. A).

We have thoroughly reviewed the aforementioned time sheets, and find the hours expended and the attorneys' rate to be entirely appropriate and reasonable. We note that, pursuant to 29 U.S.C. § 1132(g)(1), courts are permitted, in their discretion, to award reasonable attorneys' fees and costs in an ERISA matter. Accordingly, we shall grant the award of attorneys' fees and costs as requested.

## III. CONCLUSION

Based on the foregoing, we shall grant the Plaintiff's Motions for Default Judgment and for Attorneys' Fees and Costs. We shall require Plaintiff to file an additional submission on the matter of prejudgment interest. Upon the receipt and review of that submission, we shall issue an amended Order.

A separate Order shall issue.